UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

In re
Hillard Plumbing and Heating, Inc.
    Debtor(s)

Chapter 7
No. 14-42819-MSH

**TRUSTEE'S MOTION FOR ORDER AUTHORIZING AND
APPROVING PUBLIC SALE OF PROPERTY OF THE ESTATE
FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES**
(Vehicles, Equipment, Inventory and Machinery)

To the Honorable Melvin S. Hoffman, Bankruptcy Judge:

    NOW comes David M. Nickless, duly appointed trustee (hereinafter the Trustee) in the above proceedings, and pursuant to 11 U.S.C. § 363(f), Fed. R. Bankr. P. 6004 and MLBR 6004-1 respectfully seeks an order authorizing and approving the public sale of property of the estate free and clear of liens, claims, and encumbrances, stating in support thereof:

1. Hillard Plumbing and Heating, Inc. (hereinafter the Debtor) filed a voluntary petition under Chapter 7 of the U.S. Bankruptcy Code on December 31, 2014 (hereinafter the Petition Date).

2. The Trustee was appointed immediately thereafter.

3. Prior to the Petition Date, the Debtor operated as a plumbing and heating business from February 1997 to October 2014.

4. As of the Petition Date, the Debtor owned various machinery, equipment and inventory listed on Schedule B of its petition, including but not limited to office equipment, phone system, filing cabinets, generator, hammer drills, torch tanks, ladders, water pump, Rigid 535 machine, drills, saws, hole hawg drill, air compressor, black copper and brass fittings, coring machine and bits, sprinkler fittings and valves, galvanized smoke pipe and fittings, gaskets and clamps, soaking tub, and pipe thaw machines.

5. As of the Petition Date the Debtor also owned the following five vehicles:
   2001 Chevrolet W45042, Cab, Diesel
   2002 Chevy Expcut Van (Cube)
   2003 GMC Light Duty G3500 Van-V8 Savana 135"
   2003 Isuzu JW35042 Van (Cube)
   2004 Chevy Expcut G30 Cab (CH)

   (the machinery, equipment, inventory and vehicles are hereinafter collectively referred to as Assets)

6. According to the Debtor's petition, Lowell Five Cent Savings Bank holds a UCC lien on all the Assets of the Debtor, however the Debtor states in its bankruptcy petition that the balance owed to Lowell Five Cent Savings Bank is $0.00.

7. The Debtor is not entitled to exemptions in any of the Assets.

8. The Trustee has filed a motion to employ the auctioneer Michael Saperstein of Paul E. Saperstein Co., Inc. (hereinafter the Auctioneer) to sell the Assets.

9. Since some of the Debtor's Assets are located in Lowell, MA and some are located in Nashua, NH, the Trustee has scheduled the following two auctions:

   - **10:00AM on March 24, 2015** at 225 Stedman Street, #17, Lowell, MA which will include the five vehicles, and

   - **1:00PM on March 24, 2015** at the warehouse on Canal Street, Nashua, NH.

10. Upon the sale, the Trustee will first distribute the Auctioneer's allowed fees and expenses. The remaining proceeds will be distributed to creditors holding valid and perfected liens or encumbrances in accordance with priorities established under applicable law, any funds remaining thereafter will be held by the bankruptcy estate for distribution.

11. In the event it is determined that any creditor(s) has a valid, perfected lien on the entirety of the sale proceeds, the fees and expenses incurred by the Trustee in connection with the sale of Assets constitute reasonable and necessary expenses of preserving and disposing of the Assets and may be recovered from the proceeds of the sale pursuant to 11 U.S.C. §506(c).

12. The Trustee believes that a sale of the Assets by public auction, is in the best interests of, and will create a meaningful recovery for the estate. The Auctioneer has arranged to advertise in the local newspaper, their internet site, direct mailers and an e-mail blast to attract the highest number of potential bidders. A public sale, will expose the Assets to a larger group of potential buyers and enable the bankruptcy estate to quickly liquidate the Assets, therefore avoiding the potentially lengthy process of locating a private buyer or multiple private buyers.

WHEREFORE, David M. Nickless, Trustee, prays that:

1. He be authorized to sell by public auction the vehicles, equipment, inventory and machinery of the Debtor free and clear of all liens and encumbrances, with valid liens and encumbrances attaching to the sale proceeds according to priorities established under applicable law.

2. He be authorized to pay any valid lien, claim, and/or encumbrance that sum necessary to pay the balance due and secured by the vehicles in order to transfer title.

3. In the event it is determined that any creditor has a valid, perfected lien on the entirety of the sale proceeds, he be authorized to retain from the sale proceeds the reasonable and necessary expenses of preserving and disposing of the assets, including fees and expenses incurred by the Trustee and auctioneer in connection with the sale of assets pursuant to 11 U.S.C. §506(c).

4. He be authorized to execute all documents and take all other steps necessary to consummate the sale and transfer title.

David M. Nickless, Trustee
By his attorneys,
/S/ Susan H. Christ_____
David M. Nickless, Trustee (BBO No. 371920)
Susan H. Christ, Esq. (BBO No. 664354)
Nickless, Phillips, and O'Connor.
625 Main Street
Fitchburg, MA  01420
(978) 342-4590
schrist.nandp@verizon.net